# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**PAUL WINFIELD**                                                                                    **PETITIONER**

**v.**                                                                                    **NO. 5:18-cv-11-KS-MTP**

**UNITED STATES PROBATION &**
**PRETRIAL SERVICES and CHRIS COUNTS**                                **RESPONDENTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition of Paul Winfield for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition [1] be DENIED.

## BACKGROUND

Petitioner Paul Winfield is the former mayor of Vicksburg, Mississippi. On March 19, 2013, Petitioner, while serving as mayor, was indicted for theft or bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B).[1] Following a guilty plea, Petitioner was convicted of this crime in the United States District Court for the Southern District of Mississippi on or about November 19, 2013. *See United States v. Winfield*, 5:13-cv-5-DCB-FKB (S.D. Miss 2013). Petitioner was sentenced to a 25-month term of imprisonment and a three-year term of supervised release. *Id*. Petitioner completed his term of imprisonment.

On January 16, 2018, Petitioner, while serving his term of supervised release, filed the instant Petition [1], arguing that his conviction is no longer valid in light of the Supreme Court's holding in *McDonnell v. United States*, 136 S.Ct. 2355 (2016). On March 21, 2018, Respondent

---

[1] Pursuant to § 666(a)(1)(B), it is a crime if a state, local, or tribal official "corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transaction of such organization, government, or agency involving any thing of value of $5,000 or more . . . ."

1

filed a Response [9], arguing that this Court does not have jurisdiction to consider this § 2241 habeas petition.

## ANALYSIS

The general rule is that a challenge to the validity of a conviction or sentence must be pursued in a motion filed pursuant to 28 U.S.C. § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 451-52 (5th Cir. 2000); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Petitioner, however, is proceeding under 28 U.S.C. § 2241, which is generally used to attack the manner in which a sentence is executed. *Id.*[2]  There is a savings clause in § 2255 which acts as a limited exception to these general rules and allows a § 2241 petition under certain limited circumstances.  This savings clause provides as follows:

> An applicant for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Thus, "a section 2241 petition that seeks to challenge a federal sentence or conviction—thereby effectively acting as a section 2255 motion—may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective." *Pack*, 218 F.3d at 452 (citations omitted).  Petitioner bears the burden of establishing the inadequateness or ineffectiveness of the Section 2255 remedy. *Id*.  To satisfy the requirements of the savings clause, Petitioner must demonstrate that (1) he raises a claim "that is based on a retroactively applicable Supreme Court decision," (2) the claim was previously

---

[2] Presumably, Petitioner did not proceed under § 2255 because such a motion may be time barred under § 2255(f)'s one-year limitations period.  That issue, however, is not before this Court.

"foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion," and (3) the retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense" or, in other words, the petitioner may be actually innocent. *Reyes-Requena v. United States*, 243 F.2d 893, 904 (5th Cir. 2001).

Petitioner argues that the Supreme Court's holding in *McDonnell v. United States*, 136 S.Ct. 2355 (2016) establishes that he was convicted of a nonexistent offense, that the United States employed an overbroad reading of Section 666, and that the United States breached the boundaries of federalism. Respondent argues that Petitioner has not met the requirements of the savings clause because he has failed to demonstrate that he was convicted of a nonexistent offense based on a retroactively applicable Supreme Court decision. Specifically, Respondent argues that Petitioner's reliance on *McDonnell* is misplaced as *McDonnell* does not apply to Petitioner's conviction under 18 U.S.C. § 666(a)(1)(B). The undersigned agrees.

In *McDonnell*, the Supreme Court considered the proper interpretation of an "official act" under the federal bribery statute, 18 U.S.C. § 201(a)(3). In that case, the United States indicted former Virginia Governor Robert McDonnell and his wife on bribery charges, including honest services wire fraud under 18 U.S.C. § 1343 and Hobbs Act extortion. *McDonnell*, 136 S.Ct. at 2365. The parties agreed that in the jury instructions they would define these crimes with reference to § 201 and its definition of "official act." *Id*. The Supreme Court held that the jury instructions defined "official act" too broadly, and the Supreme Court adopted a "more bounded interpretation of 'official act.'" *Id*. at 2368, 2375. Thus, the Supreme Court vacated McDonnell's convictions and remanded the case for further proceedings consistent with the opinion. *Id*. at 2375.

In the case *sub judice*, Petitioner was convicted under 18 U.S.C. § 666, a statute which was not at issue in *McDonnell*. Acknowledging that § 666 was not specifically at issue in

*McDonnell*, Petitioner argues that *McDonnell* "represents a sea change in federal public corruption prosecutions, and sets forth broad principles and concerns that touch on the 'criterion of guilt' in such cases." *See* Reply [11] at 1.

At least one district court within this circuit has addressed whether *McDonnell* represents a retroactively applicable Supreme Court decision establishing that a conviction under § 666 may be a conviction of a "nonexistent offense." In *Montemayor v. Warden, FCC Beaumont*, the court held as follows:

> [I]n *McDonnell*, the Supreme Court interpreted the term "official act," an element of the offense under 18 U.S.C. § 201(b). However, an official act is not an element of the offense under 18 U.S.C. § 666. Moreover, petitioner has failed to show *McDonnell* has been made retroactively applicable to cases on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying leave to file successive § 2255 because defendant failed to show *McDonnell* set forth new rule of constitutional law made retroactive to cases on collateral review).

2017 WL 9480871, at *2 (E.D. Tex. April 25, 2017), report and recommendation adopted, 2018 WL 2411780 (E.D. Tex. May 29, 2018).

Other courts have declined to extend the holding in *McDonnell* to statutes beyond § 201. "Although the statues in *McDonnell* and here both involve bribery, we see no reason for transplanting the conclusions in *McDonnell* that stem solely from the Court's application of general statutory-construction principles to the particular statute at issue in that case." *United States v. Ferriero*, 866 F.3d 107, 128 (3rd Cir. 2017). Moreover, courts have specifically declined to extend the *McDonnell* standard to § 666. *See United States v. Porter*, 886 F.3d 562, 565-66 (6th Cir. 2018) ("In *McDonnell*, the Supreme Court limited the interpretation of the term 'official act' as it appears in § 201, an entirely different statute than the one at issue here[, § 666]."); *United States v. Boyland*, 862 F.3d 279, 291 (2nd Cir. 2017) ("We do not see that the *McDonnell* standard applied to these counts."); *United States v. Maggio*, 862 F.3d 642, 646 n.8 (8th Cir. 2017) ("*McDonnell* had nothing to do with § 666"); *United States v. Jackson*, 688 Fed.

4

App'x 685, 696 n.9 (11th Cir. 2017) (stating that *McDonnell* was materially different from a prosecution under § 666 because, among other things, "§ 666(a)(1)(B) does not use the term 'official act'"); *United States v. Ferguson*, 2018 WL 1071743, at *4 (E.D. Mich. Feb 27, 2018) ("*McDonnell* does not apply to 18 U.S.C. § 666"); *United States v. Gilbert*, 2018 WL 2095853, at *6-7 (N.D. Ala. May 4, 2018) (declining to "apply the 'official act' requirement to Section 666"); *United States v. Robles*, 698 Fed. App'x 905, 609 (9th Cir. 2017) (pointing out that *McDonnell* "addressed the interpretation of statutes other than § 666."); *United States v. Bravo-Fernandez*, 246 F. Supp. 3d 531, 536 (D.P.R. 2017) (holding that certain Supreme Court decisions, including *McDonnell*, have "nothing to do with section 666").

Petitioner has failed to demonstrate that a retroactively applicable Supreme Court decision establishes that he was convicted of a nonexistent offense. Accordingly, Petitioner has failed to meet his burden of showing that he is entitled to proceed with this § 2241 habeas petition under the savings clause of § 2255.[3]

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petition [1] for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

---

[3] In addition to his argument that he was convicted of a nonexistent offense, Petitioner also argues that *McDonnell* establishes that the United States employed an overbroad reading of Section 666 and that the United States breached the boundaries of federalism. However, Petitioner's entire Petition [1] must be analyzed through the lens of the savings clause. *See Pack*, 218 F.3d at 452. The saving clause requires Petitioner to show that a retroactively applicable Supreme Court decision establishes that he was convicted of a nonexistent offense. As previously discussed, Plaintiff has failed to make this showing.

recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 9th day of August, 2018.

                                        s/Michael T. Parker
                                      UNITED STATES MAGISTRATE JUDGE