IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


PAUL WINFIELD                                                    PETITIONER


v.                                         CIVIL ACTION NO. 5:18-cv-11-KS-MTP


UNITED STATES PROBATION &
PRETRIAL SERVICES and CHRIS COUNTS                    RESPONDENTS


ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §

2241 [1] by Paul Winfield, the Report and Recommendation [12] of Magistrate Judge Micharl T.

Parker, Petitioner's Objections [13] to Report and Recommendation, Response in Opposition [14]

to Petitioner's Objection, and the records and pleadings herein and the Court does hereby find as

follows to wit:

I. BACKGROUND

Petitioner Paul Winfield is the former mayor of Vicksburg, Mississippi. On March 19,

2013, Petitioner, while serving as mayor, was indicted for theft or bribery concerning programs

receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B).[1] Following a guilty plea,

Petitioner was convicted of this crime in the United States District Court for the Southern

---

[1] Pursuant to § 666(a)(1)(B), it is a crime if a state, local, or tribal official "corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more . . . ."

District of Mississippi on or about November 19, 2013. *See United States v. Winfield*, 5:13-cv-5- DCB-FKB (S.D. Miss 2013). Petitioner was sentenced to a 25-month term of imprisonment and a three-year term of supervised release. *Id*. Petitioner completed his term of imprisonment.

On January 16, 2018, Petitioner, while serving his term of supervised release, filed the instant Petition [1], arguing that his conviction is no longer valid in light of the Supreme Court's holding in *McDonnell v. United States*, 136 S.Ct. 2355 (2016). On March 21, 2018, Respondent filed a Response [9], arguing that this Court does not have jurisdiction to consider this § 2241 habeas petition.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

The Petitioner lodges three objections to the Report and Recommendation. They are as follows:

1. That the wrong standard of review was employed in determining whether a Supreme Court case was retroactively applicable and that Petitioner was required to prove that he was convicted of a non-existent offense.

2. That the Report and Recommendation does not contain any factual findings or factual analysis; and

3. That the Report and Recommendation is an overly restricted reading of the Supreme Court's analogous precedent.

Winfield has not established that he may have been convicted of a non-existent offense. *McDonnell v. United States*, 136 S.Ct. 2355 (2016) is not applicable. This case addressed an entirely different statute. Petitioner made no effort to establish that he was legally or factually innocent and the Court has reviewed the Presentence Report that was filed in the underlying criminal case, 5:13-cr-5-DCB-FKB. Petitioner made no objections to the facts set forth in the Presentence Report which was adopted by the Court. The factual basis set forth in the Presentence Report clearly sets forth violations of the law. There was also a factual basis stated by the prosecutor at the guilty plea. The Court does not have access to the factual basis but suffice to say Judge Bramlette found that the Government had established a factual basis for the crime and the factual basis was agreed to by the Petitioner. Petitioner has the burden to establish actual innocence which has has failed to do and the Court finds that his first objection is WITHOUT MERIT.

The second objection is that the Report and Recommendation does not contain any factual findings which support the conclusion that Mr. Winfield failed to meet his burden to obtain habeas relief. The authority cited by Petitioner was *Santillana v. Upton*, 846 F.3d 779,

784 (5th Cir. 2017). In this case the facts were agreed to by the Petitioner as set forth in the Presentence Report, the factual basis agreed to by Petitioner and the findings of Judge Bramlette. There is no issue for this Court to make factual findings on. Everything was admitted to by the Petitioner and adopted by the Court. It is also telling that the Petitioner made very little effort to point any facts out to the Court and makes only bald assertions as to the applicable law and the obligation of the Magistrate Judge to make factual findings. The Court finds that this objection to the Report and Recommendation is without basis and is DENIED.

In the third objection Petitioner claims that the Report and Recommendation unduly restricts the reading of the Supreme Court's analogous precedent. Petitioner asks this Court to find that a Section 666 offense should be addressed as called for in *McDonnell*. The instant case is distinguishable from *McDonnell* in that violations of the law were set forth in the Presentence Report, agreed to by Petitioner and found as facts by the Court. Petitioner has cited no authority to this Court that convinces it that a Section 666 offense to which Winfield pled guilty require a *McDonnell* type interpretation, and the Court finds that this objection is WITHOUT MERIT.

## IV.  CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Winfield's Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted  pursuant to 28 U.S.C. §636(b)(1) and that Paul Winfield's claim is DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT.

SO ORDERED this the __25th___ day of October, 2018.


____s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE